2011 VT 4

**STATE of Vermont v. Christopher T. HOCH**

[18 A.3d 562]

No. 09-186

¶ 1. January 14, 2011. Defendant Christopher Hoch appeals his jury conviction for lewd or lascivious conduct with a child, M.C. Defendant challenges, as plain error, the admission of a videotape record-

ing made during an interview of M.C. and played after M.C. had testified in court, on the ground that its admission violated the Vermont Rules of Evidence and his constitutional right to confront adverse witnesses. Defendant also argues that his motion for judgment of acquittal should have been granted, as there was insufficient evidence to prove the requisite elements of identity and intent beyond a reasonable doubt. We affirm.

¶ 2. Defendant was charged with a violation of 13 V.S.A. § 2602 for willfully and lewdly touching the bare skin of the buttocks of minor M.C. with the intent of gratifying his sexual desires. The evidence at trial, taken in the light most favorable to the verdict, showed that M.C. was six or seven years old at the time of the incidents. Defendant, who was known as "Chris" in M.C.'s household, was M.C.'s mother's former boyfriend; he continued to visit the home after his relationship with M.C.'s mother terminated, often unannounced.

¶ 3. At trial, the State presented testimony from four witnesses: M.C., her mother, her mother's current boyfriend, and an employee from the Vermont Department for Children and Families (DCF). At the time of the trial, M.C. was eight years old. M.C. testified in person at trial that defendant did "bad things" and "touched [her] in private places." She testified that defendant touched her skin where she "sit[s] down," that this touching occurred when they were alone in the living room of her house, and that he gave her presents in the form of money. M.C.'s mother also testified regarding M.C.'s disclosure to her about where defendant had touched her. Mother's current boyfriend identified defendant as Christopher Hoch. He also testified that on one occasion he had arrived at M.C.'s house to find defendant alone with M.C. while M.C.'s mother was in the shower. The DCF employee testified that M.C. told her that Chris visited her home and touched her in places that she did not like.

¶ 4. The court then allowed the jury to watch a videotape of the DCF worker and a police officer interviewing M.C. Defendant did not object to admission of the videotape at trial. In this interview, M.C. reported that defendant touched her every time he came to the apartment and that the touching always happened in the living room. M.C. also explained that defendant told her not to tell her mother about the incidents. She gave other details consistent with the trial testimony.

¶ 5. At the close of the State's case, defendant moved for judgment of acquittal, arguing that the State failed to demonstrate that he touched M.C.'s bare behind or that he acted lewdly with the intent of satisfying his own sexual desires. The court denied the motion. After closing arguments, defendant again moved for judgment of acquittal, reiterating his arguments and claiming that the State failed to present sufficient evidence that he was the person M.C. alleged touched her. The court denied the motion. The jury returned a guilty verdict. Defendant appeals.

¶ 6. On appeal, defendant first argues that the trial court erred in admitting the videotape of M.C.'s interview. Defendant claims that the videotaped testimony is not the type of statement that is admissible under Vermont Rule of Evidence 804a and violated defendant's constitutional right to confront adverse witnesses. According to defendant, it was reversible error to admit the videotape because it included hearsay statements by a police officer who did not testify. Further, defendant argued that the video was inadmissible because it contained M.C.'s unsworn verbal and nonverbal statements, which were hearsay, testimonial, and not subject to cross-examination since M.C. testified prior to the videotape's admission.

¶ 7. Defendant did not object on these grounds at trial. We therefore review only for plain error. *State v. Lee*, 2008 VT 128,

¶ 11, 185 Vt. 110, 967 A.2d 1161. "Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is a glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *Id.* (quotation omitted). We conclude that defendant cannot meet the standard for plain error because there was no error in the admission of the videotape.

¶ 8. Defendant argues that the videotaped statements admitted are not Rule 804a statements "because admission of the videotape is not the same as admission of 804a statements," and that they are therefore inadmissible hearsay under Vermont Rule of Evidence 802. Under Rule 804a, a witness may testify to hearsay statements made by a child ten years old or younger if: the statements are offered in a prosecution for lewd or lascivious conduct, where the child is an alleged victim; the statements were not taken in preparation for a legal proceeding; the child is available to testify; and the time, content, and circumstances of the statements show substantial indicia of trustworthiness.* V.R.E. 804a. Defendant does not contest that M.C.'s statements met these criteria. He neither identifies specific statements in the videotape that fail to meet the Rule 804a requirements nor clarifies that his attack is on the entire interview. Additionally, defendant fails to address why the trial court's ruling, which admitted the videotaped interview pursuant to Rule 804a — an *exception* to the hearsay rules — does not answer the hearsay question he is raising.

---

* Rule 804a was amended, effective July 1, 2009, to apply to statements, otherwise meeting the rule's criteria, made by putative victims twelve years of age or under. Because defendant's trial took place before this date, we use the rule as it was in effect at the time of trial.

Instead, the thrust of defendant's argument is to erroneously anticipate that the State might argue that the videotaped statements are admissible as prior consistent statements under Rule 801(d)(1)(B), another limited exception to Rule 802's bar against hearsay evidence. Defendant's brief is largely a refutation of that nonexistent argument. Without more, we cannot address any claim of error that there was a hearsay violation when all that is before us is the trial court's decision that the videotape of the interview was admissible pursuant to Rule 804a, a special exception to the hearsay rule.

¶ 9. Rule 804a allows admission of a child victim's statements and does not differentiate between those recounted during another witness's testimony and those replayed on videotape. We have upheld the admission of tape-recorded and videotaped evidence showing interviews with child victims, including both questions and answers, all necessarily conducted out of court and technically hearsay, but always subject to the trial court's initial assessment of the factors set forth in Rule 804a. Most recently, in *State v. Spooner*, we upheld a trial court's admission of the minor victim's recorded out-of-court statements in the form of an interview by a police officer and a DCF worker that the State offered, in part, to bolster the victim's testimony. 2010 VT 75, ¶ 17, 188 Vt. 356, 8 A.3d 469; see also *State v. LaBounty*, 168 Vt. 129, 136-39, 716 A.2d 1, 6-8 (1998) (holding that tape-recorded interviews with child victim were admissible); *State v. Blackburn*, 162 Vt. 21, 25, 643 A.2d 224, 226 (1993) (holding that videotaped interview between child and investigator was admissible).

¶ 10. Defendant also claims that admission of the videotape violated his Sixth Amendment right under the Federal Constitution to confront adverse witnesses because the videotape was admitted after M.C. testified and thus M.C. was not cross-examined on the testimonial

statements made in the videotaped interview. The Sixth Amendment's Confrontation Clause "bars admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *State v. Jackson*, 2008 VT 71, ¶ 17, 184 Vt. 173, 956 A.2d 1126 (quotation omitted). Under *Crawford v. Washington*, the witness must be available for cross-examination on any prior statement introduced that is testimonial, but once "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." 541 U.S. 36, 59 n.9 (2004). M.C. testified prior to the admission of the videotape, but defendant was entirely free to recall her to the stand for cross-examination. He did not, and therefore he cannot show that his right to confront adverse witnesses was violated. See *LaBounty*, 168 Vt. at 139, 716 A.2d at 8 (rejecting defendant's assertion that timing of admitting minor victim's hearsay statements deprived him of opportunity to confront victim because defendant had opportunity and declined to call victim to testify); *State v. Gallagher*, 150 Vt. 341, 344, 554 A.2d 221, 223 (1988) (holding that there was no violation of defendant's confrontation rights where minor victim testified at trial and was available for recall after admission of her hearsay statements).

¶ 11. Finally, defendant contends that the evidence was insufficient to establish his guilt and his motion for judgment of acquittal should have been granted. In particular, defendant argues that there was insufficient evidence of his identity as the perpetrator and insufficient evidence that the touching of M.C.'s buttocks was with intent to gratify sexual desires. "In reviewing the sufficiency of the evidence to support a conviction, we take the evidence in the light most favorable to the State, excluding any modifying evidence."

*State v. Desautels*, 2006 VT 84, ¶ 7, 180 Vt. 189, 908 A.2d 463. We conclude that the evidence fairly and reasonably supports the jury's verdict here.

¶ 12. A review of the evidence shows that there was adequate evidence to demonstrate that defendant was the man who touched M.C. M.C. described how her mother's friend "Chris" touched her, and M.C.'s mother testified that defendant is the person M.C. knew as "Chris." M.C.'s mother also testified that defendant would often come to her house unannounced and she would find him in the living room with her daughter. Mother's boyfriend testified that he saw defendant with M.C. unsupervised. During his testimony, mother's boyfriend identified defendant as the man he saw with M.C. There was no evidence that any other person named Chris visited the home or was involved with the family, or that M.C. knew anyone else named Chris. These facts were sufficient for the jury to determine that defendant was M.C.'s mother's former boyfriend, who had frequented the apartment and had inappropriately touched M.C. See *State v. Findlay*, 171 Vt. 594, 597, 765 A.2d 483, 488 (2000) (mem.) (ruling identification reliable from single eyewitness with "high level of certainty" that defendant was person he observed committing act); see also *State v. Wiley*, 2007 VT 13, ¶ 13, 181 Vt. 300, 917 A.2d 501 (rejecting defendant's claim that there was insufficient evidence as to his identity where minor victim identified him by name, mother made in-court identification of defendant, and police officer made in-court identification of him using DNA sample as likely source of seminal stain on victim's bedding). Thus, this claim is without merit.

¶ 13. Similarly, the evidence suffices to demonstrate the lewd nature of the touching and defendant's intent to satisfy his sexual desires. To establish defendant's guilt, the State needed to show that he "willfully and lewdly commit[ted] any

lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying [his] lust, passions, or sexual desires." 13 V.S.A. § 2602(a)(1). In determining whether a defendant's actions were committed with lewd intent, the fact finder should look to all the circumstances, including the charged act, the defendant's concurrent statements, any other acts of lewd conduct admitted or charged in the case, the parties' relationship, and any coercion, bribery, or deceit used by the defendant to obtain the victim's cooperation or avoid detection. *State v. Squiers*, 2006 VT 26, ¶ 11, 179 Vt. 388, 896 A.2d 80. Defendant's touching of M.C. was frequent. M.C. testified that defendant touched the bare skin on her bottom and explained that this was a bad touch. M.C. also testified that defendant told her not to tell her mother about the touching and that he gave her gifts of money. He also showed up at the apartment at times of day when he knew her mother was napping in an obvious effort to find M.C. unsupervised. These circumstances support the State's claim that the touching was sexual, not innocent. The jury was entitled to draw a reasonable inference from this evidence that defendant touched M.C. with the intent of appealing to his own sexual desires. *State v. Kerr*, 143 Vt. 597, 603, 470 A.2d 670, 673 (1983) ("[P]roof of facts includes reasonable inferences properly drawn therefrom.").

*Affirmed.*