*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.*

**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-016

# ENTRY ORDER

JANUARY TERM,   2025

State of Vermont v. Jason Robinson\*

}   APPEALED FROM:
}   Superior Court, Chittenden Unit,
    Criminal Division
}   CASE NO. 24-CR-13361
    Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

Defendant Jason Robinson appeals from a superior court order holding him without bail pursuant to 13 V.S.A. § 7553a.  He contends that the court erred by determining that the evidence of his guilt was great.  He also argues in the alternative that he could be safely released on conditions pending trial.  For the following reasons, I order that defendant shall be held without bail pursuant to § 7553a.

Defendant was arrested on December 25, 2024 and charged with first-degree aggravated domestic assault.  He was temporarily held without bail between the time of arraignment and the weight-of-the-evidence hearing.  After a hearing conducted on January 15, 2025, the superior court held defendant without bail because: (1) defendant had been charged with a felony, an element of which involved an act of violence against another person, (2) the evidence of guilt was great, and (3) defendant's release posed a substantial threat of physical violence to another person, and no condition or combination of conditions would reasonably prevent the physical violence.  Vt. Const., ch. II, § 40(2); 13 V.S.A. § 7553a.  Defendant then appealed that determination, and a de novo evidentiary hearing was conducted on January 27, 2025.  See 13 V.S.A. § 7556(d) (explaining that a defendant who has been held without bail pursuant to 13 V.S.A. § 7553a is entitled on appeal to de novo evidentiary review, meaning "an independent, second evidentiary hearing on the merits of the denial of bail").

At the de novo evidentiary hearing, the State introduced a sworn audio statement that complainant made to police officers.  In the sworn statement, complainant stated that defendant was her fiancé, that she and defendant had just been involved in an argument about housecleaning, and that, during the argument, defendant grabbed her by the hair, pulled her backwards, and then grabbed her "by [her] jugular."  Complainant stated that defendant applied

pressure to her throat to such an extent that she could neither speak nor breathe. She felt pain, involuntarily urinated, and was frightened. The assault occurred in front of complainant's children, who were scared for her safety.

This sworn statement, taken in the light most favorable to the State, is legally sufficient to establish the elements of first-degree aggravated domestic assault. See 13 V.S.A. § 1043(a)(1) (providing that person commits crime of first-degree aggravated domestic assault if they recklessly cause serious bodily injury to household or family member); id. § 1021(a)(2)(B) (providing that element of "serious bodily injury" can be proven by showing that defendant "intentionally imped[ed] normal breathing or circulation of the blood by applying pressure on the throat or neck . . . of another person").

Defendant concedes that he has been charged with an eligible felony. Defendant argues, however, that the court either cannot or should not conclude that the evidence of guilt is great because complainant also testified at the de novo evidentiary hearing. In her live testimony, complainant acknowledged that there had been an argument in front of the children on Christmas, but she recanted the rest of her prior statement. She testified that the argument had been her fault. She explained that defendant had been trying to leave the residence, that she had prevented him from doing so by putting her hands on him, and that this caused them to fall down (which caused some of the bruises that were observed by police officers), but that defendant never put his hands on her neck. She furthermore explained that she had called police because she was upset that an argument occurred on Christmas. She testified that her sworn statements to police were not true.

Defendant contends that complainant's recantation is her "real" testimony, and that the court should exclude her earlier sworn statement as "modifying evidence" that would not be admissible at trial. Defendant relies upon several trial-court decisions that distinguished between "real testimony" and "potential testimony" when deciding whether to dismiss a criminal charge for lack of a prima facie case. See, e.g., State v. Forrester, No. 174-2-99 Bncr (Vt. Super. Ct. Apr. 30, 1999) (Suntag, J.) (holding that complainant's live testimony was her "real evidence," and that her prior sworn statement was only "potential testimony" that would not be admissible at trial).

Defendant acknowledges that the Vermont Supreme Court previously disavowed Forrester and other similar superior-court decisions as an incorrect application of the legal standard. See State v. Sanborn, No. 2020-316, 2021 WL 75228, at *4-6 (Vt. Jan. 4, 2021) (unpub. mem.) (Eaton, J.) (explaining that, when court is confronted during weight-of-the-evidence hearing with two inconsistent statements from same witness, court should neither decide which statement is more credible nor predict how witness might testify at trial, but rather simply view statements in light most favorable to State and eschew effects of any contravening testimony). Defendant, argues, however, that Sanborn misapprehended the issue and was wrongly decided. For purposes of this bail appeal, this court is bound to follow the holding of Sanborn. See State v. Downing, 2020 VT 97, ¶¶ 34-36, 213 Vt. 643 (mem.) (Robinson, J.) (explaining that justice or specially-assigned judge conducting single-justice bail appeal must follow decisions issued in prior single-justice bail appeals). In any event, this court agrees with the holding of Sanborn, and provides further explanation as follows.

In order to hold a defendant without bail, the State must "establish by affidavits, depositions, sworn oral testimony, or other admissible evidence that it has substantial, admissible

evidence as to the elements of the offense." V.R.Cr.P. 12(d). The State must also establish that "the evidence of guilt is great." Vt. Const. ch. II, § 40(2); 13 V.S.A. § 7553a(a). This means that the State must show that when the evidence is "viewed in the light most favorable to the State," and when the effects of any modifying evidence are excluded, the evidence " 'fairly and reasonably' show[s] defendant guilty beyond a reasonable doubt." State v. Madison, 163 Vt. 390, 394 (1995) (quoting State v. Duff, 151 Vt. 433, 439-40 (1989)).

The standard is a test of the legal sufficiency of the evidence. The standard has been used for decades to evaluate motions for judgment of acquittal. At trial, a court considers all sworn testimony and admitted evidence and determines whether, taking the evidence in the light most favorable to the State and excluding modifying evidence, the State has introduced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt. State v. Guppy, 129 Vt. 591, 594 (1971); State v. Pierce, 103 Vt. 383, 386 (1931). The purpose of the review is to ensure that defendants are not convicted in cases where the evidence is legally insufficient to establish guilt even if jurors resolve every evidentiary conflict in favor of the State. Jackson v. Virginia, 443 U.S. 307, 313-14 (1979). In conducting this review, the court does not make any credibility determinations or express any opinions about the guilt or innocence of the defendant, but rather resolves any evidentiary conflicts by evaluating the evidence in the light most favorable to the State and disregarding the effects of any modifying evidence. State v. Hammond, 2012 VT 48, ¶ 16, 192 Vt. 48; State v. Couture, 169 Vt. 222, 226-27 (1999); State v. Eaton, 134 Vt. 205, 206 (1976).

The same standard is used to evaluate motions to dismiss for failure to establish a prima facie case, and when determining whether a defendant may be held without bail. Madison, 163 Vt. at 393; Duff, 151 Vt. at 439-40. In these pretrial contexts, the function of the court is the same: the court evaluates all of the sworn testimony and admissible evidence submitted by the parties and determines whether the evidence would be legally sufficient to support a guilty verdict. The difference is that a full trial is not held, and the sworn testimony may be assembled in a variety of formats: sworn written statements, sworn audio statements, sworn deposition testimony, or sworn live testimony.[*] V.R.Cr.P. 12(d)(2); State v. Burnham, 145 Vt. 161, 165-66 (1984). The rule does not express any hierarchical preference for one sworn statement over another based upon the format of the statement, or the time at which the statement was made. Instead, in cases of conflict between the assembled sworn statements, the court resolves the conflict by viewing the statements in the light most favorable to the State, and by disregarding the effects of any modifying evidence. State v. Baker, 2015 VT 62, ¶ 4 n.2, 199 Vt. 639 (mem.);

---

[*] Defendant suggested at the de novo evidentiary hearing that the submission of out-of-court statements infringes upon the right of confrontation. See State v. Louise, No. 23-AP-113, 2023 WL 3161918, at *3-4 (Vt. Apr. 28, 2023) (unpub. mem.) (Waples, J.) (analyzing, in context of bail appeal, whether out-of-court testimonial statements were admissible under Confrontation Clause). Although there is some precedent for addressing issues raised by the parties "at any point" during a bail appeal, Madison, 163 Vt. at 393, this particular argument was not adequately explained or briefed, and so the court declines to consider the issue. In any event, complainant testified at the de novo evidentiary hearing, so use of her out-of-court statements would not appear to violate any confrontation rights. State v. Hoch, 2011 VT 4, ¶ 10, 189 Vt. 560 (mem.); State v. Gallagher, 150 Vt. 341, 344-47 (1988). Although the State moved after the hearing to permit supplemental briefing on this issue, the motion is denied, and the State's supplemental brief was not considered.

State v. Stolte, 2012 VT 12, ¶¶ 11-12, 191 Vt. 600 (mem.); State v. Turnbaugh, 174 Vt. 532, 534 (2002) (mem.); State v. Norton, 147 Vt. 223, 229-30 (1986).

Here, the court has been presented with two conflicting sworn statements from the same witness. One of the sworn statements establishes facts that are legally sufficient to support a guilty verdict. The other sworn statement does not. For the foregoing reasons, in the context of this bail appeal, the court cannot speculate about how the complainant might testify at trial. Sanborn, No. 2020-316, 2021 WL 75228, at *4. Nor can the court resolve the conflict by preferring complainant's sworn live testimony to her sworn audio statement, by preferring the statement more recently made, or by opining as to which statement is more credible. Id. at *5. Instead, the court must view the statements in the light most favorable to the State and disregard any modifying effects. Id. In that light, as discussed above, the evidence of guilt is great.

The court also finds that defendant's release would pose a substantial threat of physical violence to another person, and that no condition or combination of conditions would reasonably prevent the physical violence. Here, the evidence presented by the State at the de novo evidentiary hearing clearly and convincingly established that the alleged acts occurred in the presence of children, that the acts were precipitated by a minor argument that quickly escalated, and that the acts occurred in violation of probation conditions that had been imposed for complainant's protection. The evidence furthermore established that defendant had been convicted only several weeks earlier for interfering with complainant's access to emergency services, that defendant has been convicted multiple times in the past for violating conditions of release meant for complainant's protection, and that defendant has also been convicted in the past for other violations of court orders, including violations of abuse-prevention orders and violations of probation. Defendant has also been convicted in the past for misdemeanor domestic assault. For these reasons, although complainant testified that she does not fear defendant and that she wants him to return home, the court is not reassured that defendant would follow any court-imposed conditions meant to prevent the recurrence of physical violence.

Finally, defendant presented evidence regarding his medical conditions. Although the court received this evidence and considered whether to exercise its "narrow" discretion to release defendant on conditions even though the elements of § 7553a have been satisfied, e.g., State v. White, 2020 VT 62, ¶ 10, 212 Vt. 658 (mem.), the court concludes that the medical information provided does not ameliorate the public-safety basis for defendant's pretrial detention. See State v. Lohr, 2020 VT 41, ¶ 14, 212 Vt. 289 (explaining that, once court determines that elements of § 7553a are satisfied, there is "a manifest need for incarceration," and there is "no safe basis to release the defendant"). The court notes that review is available in the civil division regarding the medical treatment afforded to incarcerated persons.

Defendant shall be held without bail pursuant to § 7553a.

FOR THE COURT:

_____

H. Dickson Corbett, Superior Judge,
Specially Assigned

4