## State of Vermont v. Lansing Benoit

[609 A.2d 230]

No. 90-420

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed February 7, 1992

Motion for Reargument Denied April, 23, 1992

William Sorrell, Chittenden County State's Attorney, and Pamela Hall Johnson, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

E.M. Allen, Defender General, Kerry B. DeWolfe and William Nelson, Appellate Attorneys, and Marie Buckley, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals his conviction for lewd and lascivious behavior in violation of 13 V.S.A. § 2601. He claims that (1) there was no evidence that his actions were "open," as required by § 2601, (2) the state police prejudiced him by destroying notes of witness interviews, and (3) the trial court improperly instructed the jury to "seek the truth." We affirm.

Testimony at trial showed that two girls, B.H., age 11, and D.P., age 13, were swimming at a swimming hole near their homes while defendant sunned himself nearby. The girls went for a ride in defendant's van and drank alcoholic beverages provided by defendant. Both girls subsequently fell asleep in the van. B.H. was fully clothed when she fell asleep. D.P. testified that when she awoke B.H. was naked and asleep. She further testified that defendant was disrobed, lying directly above B.H. doing "push-ups." When defendant stood, she saw his penis. B.H. remembered nothing except waking up naked.

The State originally charged defendant with sexual assault. Prior to trial, the State filed a second information alleging lewd and lascivious conduct in violation of 13 V.S.A. § 2601. The second information charged defendant with "removing all of B.H.'s clothing." The two charges were joined for trial. During discov-

ery, the defense learned that a state police detective had destroyed handwritten notes he made during initial interviews with B.H. and D.P. Prior to destroying the notes, the officer incorporated them into a written report. The defendant moved to exclude the testimony of the victim, the witness and the officer, arguing that the State prejudiced him by failing to preserve discoverable material. The trial court denied the motion. Defendant also moved for judgment of acquittal asserting that the State failed to prove that his conduct was "open," as required by 13 V.S.A. § 2601. The trial court also denied that motion. During jury instructions, the trial judge twice referred to a jury's duty to "seek the truth." The defendant argued that this language denied him a fair trial by improperly stating the State's burden of proof.

## I.

Defendant argues that because the information charged defendant with violating 13 V.S.A. § 2601 "by removing all of B.H.'s clothing," his conviction cannot be sustained. He argues that the State introduced no evidence that anyone witnessed the undressing of B.H. and that an unwitnessed act does not violate the statute, which requires "open" lewd and lascivious behavior.

Section 2601 prohibits "open and gross lewdness and lascivious behavior." The term "open" means "undisguised, not concealed" and requires no more than one witness. *State v. Millard*, 18 Vt. 574, 578 (1846).

Defendant would have us confine our analysis to those few moments during which he removed B.H.'s clothing. This we are unwilling to do. The necessary consequence of the removal of B.H.'s clothing was the exposure of her naked body. Defendant made no attempt to shield the result of the undressing from D.P., who witnessed B.H.'s naked body upon awakening. Although the State could have charged defendant with exposing his genitals to D.P., the behavior charged—the removal of B.H.'s clothing—was sufficiently open to support the conviction. Given the evidence that D.P. observed B.H.'s naked body, the trial court properly denied defendant's motion for judgment of acquittal.

## II.

Defendant next argues that the trial court erred by denying his motion to exclude the testimony of B.H., D.P., and the state police detective who initially interviewed them. Defendant claims that the detective's failure to preserve handwritten notes of his initial interviews with B.H. and D.P. deprived defendant of his due process right to a fair trial. We disagree.

■ The trial court applied the balancing test set forth in *State v. Bailey*, 144 Vt. 86, 95, 475 A.2d 1045, 1050 (1984), and determined that the failure to preserve the notes did not deprive defendant of a fair trial. As we held in *State v. Seifert*, 151 Vt. 66, 70, 557 A.2d 494, 497 (1989), however, analysis of whether the trial court properly applied the *Bailey* factors is no longer necessary due to subsequent holdings of the United States Supreme Court. In *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."

■ Defendant alleges no bad faith on the part of the detective who destroyed the notes, and the court found no indication that he acted in bad faith. Absent bad faith, the destruction of the notes did not deprive defendant of his right to a fair trial as guaranteed by the Fifth Amendment to the United States Constitution. The trial court did not err when it denied defendant's motion to exclude testimony of B.H., D.P., and the officer.

## III.

Finally, defendant claims that the trial court improperly instructed the jury on the State's burden of proof. He objected, both at the charge conference and following the court's instructions to the jury, to two statements that the jury's role is "to seek the truth." These statements, he argues, fail to convey that a criminal defendant can be convicted only on proof beyond a reasonable doubt.

■ ■ We disagree that these statements constitute error. There is no error if the charge as a whole conveys the "true spirit and doctrine of the law, and there is no fair ground to say the jury has been misled by it." *State v. Williams*, 154 Vt. 76,

81, 574 A.2d 1264, 1267 (1990). Defendant bases his objection to the charge on two excerpts. The trial judge, however, began his charge to the jury by telling them to consider the instructions "as a whole." After stating the presumption of innocence, the judge articulated the State's burden to prove defendant guilty "beyond a reasonable doubt" on no fewer than six occasions. Later in the charge, when instructing the jury on the elements of lewd and lascivious behavior, the trial judge twice stated that the State would have to prove defendant guilty beyond a reasonable doubt on each element of the crime. The trial court's charge, taken as a whole, correctly conveyed to the jury the State's burden of proof.

*Affirmed.*