2003 VT 110

**STATE of Vermont v. Gregory PENN**

[845 A.2d 313]

No. 02-520

¶ 1. December 11, 2003. Defendant appeals his conviction on one count of lewd and lascivious conduct and one count of lewd and lascivious conduct with a child. Defendant argues that the trial court committed plain error by failing to enter a judgment of acquittal, on its own motion, because (1) the evidence did not establish that defendant willfully committed a lewd act upon the alleged child victim, and (2) the State failed to prove that the contact with the alleged adult victim was lewd and lascivious. Defendant makes these claims for the first time on appeal, and in spite of the fact that his defense at trial was predicated exclusively on the theory that defendant was not the perpetrator. We affirm.

¶ 2. On June 20, 2002, after a two day jury trial, Gregory Penn was convicted of one count of lewd and lascivious conduct with a child in violation of 13 V.S.A. § 2602 and one count of lewd and lascivious conduct in violation of 13 V.S.A. § 2601. Specifically, defendant was convicted of licking the toes and touching the vaginal area of A.M., a ten-year-old girl, and unbuttoning and unzipping the pants of her mother while attempting to place his hands inside mother's pants.

¶ 3. A group of friends, including A.M.'s mother, A.M. and defendant, assembled at Angela Daniels' apartment on August 5, 2002. The adult guests drank beer for most of the day and into the

night. After consuming alcohol and some anti-anxiety medication, A.M.'s mother decided that it would be better for her and her two daughters to remain at the apartment for the night instead of attempting to walk home.

¶ 4. A.M., her sister M.M. and their mother went to sleep on a couch in the living room. Mother and M.M. slept on one end of the couch, while A.M. slept at the other. Defendant was present in the living room at the time that A.M. and her mother retired to the couch. A.M. testified that defendant was seated in a rocking chair approximately three and one-half feet from the couch. Some time later, A.M. awoke to find defendant licking her feet and in between her toes. A.M. testified that defendant proceeded to rub her vaginal area over her clothes, and attempted to place his hand up her shorts, but was unable to do so because they were too tight. When defendant tried to unbutton A.M.'s pants, she rolled over and squeezed her legs together tightly. Defendant tried to pull her leg, but she pushed back.

¶ 5. Defendant then turned his attention to mother. A.M. watched as defendant unbuttoned and unzipped her mother's pants. A.M. asked defendant what he was doing. He responded "nothing" and told A.M. to go back to sleep. Defendant then retreated to the rocking chair as A.M. attempted to wake her mother up, but was unable to fully do so because her mother was extremely groggy from the drugs and alcohol she had consumed. Defendant then moved into the kitchen to retrieve his beer from the refrigerator. A.M. recognized defendant in the light cast by the open refrigerator.

¶ 6. Defendant moved for a judgment of acquittal at the close of the State's case on grounds that the State had failed to present sufficient evidence identifying defendant as the person who committed the acts charged. The court denied this motion after noting the evidence that supported A.M.'s identification of defendant as the perpetrator. The court, after observing on the record that the other elements of the charges were not specifically challenged, then stated that it would "find that there is sufficient evidence on the other issues in that if someone did touch A[.]M[.] and [her mother] in a manner testified to that that would be behavior punishable under these two counts." Defendant subsequently filed two more motions for judgment of acquittal, one after the close of the evidence and one after the jury delivered its verdict. The sole ground for both motions, which the court denied, was again that the State failed to present sufficient evidence identifying defendant as the person who touched A.M. and her mother.

¶ 7. Defendant willingly concedes that he did not present to the trial court either of the arguments pressed on appeal; therefore we review them under the plain error standard. *State v. Roy*, 151 Vt. 17, 23, 557 A.2d 884, 888 (1989); see V.R.Cr.P. 52(b). "Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993) (internal quotations and citations omitted). Plain error analysis requires a fact-based consideration of the specifics of each case. *State v. Weeks*, 160 Vt. 393, 400, 628 A.2d 1262, 1266 (1993). "Obviousness of the error and prejudice to defendant are the key factors in the analysis." *Id.*

¶ 8. A court should enter a judgment of acquittal on its own motion only when "the record reveals that the evidence is so tenuous that a conviction would be unconscionable." *State v. Norton*, 139 Vt. 532, 534, 431 A.2d 1244, 1245 (1981), *overruled on other grounds by State v. Brooks*, 163 Vt. 245, 658 A.2d 22 (1995). A conviction is proper when the evidence,

viewed in the light most favorable to the State, excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State v. Prior*, 174 Vt. 49, 53, 804 A.2d 770, 773 (2002).

¶ 9. The crime of lewd and lascivious conduct with a child under sixteen requires a willful act on the part of the defendant. 13 V.S.A. § 2602. The trial court's jury charge correctly defined willfully as "purposefully and intentionally, and not by accident, mistake or inadvertence." Defendant claims that the evidence did not support his conviction on this count because it did not prove beyond a reasonable doubt that defendant "willfully" licked A.M.'s toes and feet and rubbed her vaginal area. According to defendant, the State's evidence shows that, in the darkness of the living room, he mistook ten-year-old A.M. for her mother, and that he intended to commit a lewd act only on mother. We disagree.

¶ 10. A.M. is a ten-year old girl; her mother is a full grown woman. Both the judge and jury had ample opportunity to observe the physical differences between them when they testified at defendant's trial. There is nothing in the evidence to suggest that defendant could have mistaken A.M. for her mother. Assuming arguendo that defendant meant initially to lick mother's toes, it would have become obvious rather quickly that the toes and feet were those of a young girl, not a woman. But defendant did not stop at the toes and feet; he moved up to the vaginal area and tried to get inside A.M.'s tight shorts. It was only after A.M. mounted a struggle against defendant that he turned his attention to the mother. The evidence also showed that defendant was generally acquainted with A.M.'s physical dimensions because, as A.M. testified, she had sat on defendant's lap while he read to her, rubbed her stomach and attempted to fondle her breasts earlier in the evening.

¶ 11. Under the plain error standard, we cannot say that this evidence was so tenuous as to the defendant's intent that the trier of fact rendered an unreasonable verdict based upon it. To the contrary, the evidence, when viewed, as it must be, in the light most favorable to the State, indicates that the jury saw and heard enough at trial to conclude that defendant had willfully made a lewd contact with A.M. Ernest Munsey, a witness for the State, did testify that a few days after the incident he confronted defendant and defendant told him that "it was dark and [defendant] thought the little girl was the mother." Defendant, having chosen to premise his defense at trial on the theory that he was not the perpetrator, now asks this Court on appeal to construe this self-serving statement as sufficient to have compelled the trial court to enter a motion for judgment of acquittal sua sponte. Either his trial defense theory or his appellate defense theory is consistent with innocence, but both cannot be. Defendant's appellate argument — to put it charitably — rests on inconsistency. It most assuredly does not give rise to a circumstance so exceptional that failure to recognize it would result in miscarriage of justice.

¶ 12. We are similarly unpersuaded by defendant's claim that the trial court should have entered judgment of acquittal sua sponte on the lewd and lascivious conduct charge. A person must commit an act of "open and gross lewdness and lascivious behavior" to be convicted under 13 V.S.A. § 2601. The statute does not define what constitutes open and gross lewdness and lascivious behavior, and we have declined to give it a precise definition ourselves out of deference to the common sense of the community. See *State v. Purvis*, 146 Vt. 441, 443, 505 A.2d 1205, 1207 (1985) (recognizing that no precise definition of the offense exists even though some cases have identified various factors that render certain conduct lascivious "beyond question"). While

we need not define it with specificity here, we note approvingly the trial court's instruction to the jury that lewd and lascivious behavior means "behavior that is sexual in nature, lustful, or indecent, that which offends the common social sense of the community, as well as its sense of decency and morality." We also note that defendant does not raise any objection to this instruction on appeal. In addition, charged conduct satisfies the statutory requirement of openness if it is "undisguised" and is observed by at least one witness. *State v. Benoit,* 158 Vt. 359, 361, 609 A.2d 230, 231 (1992).

¶ 13. The evidence showed that defendant unbuttoned and unzipped mother's pants in full view of her ten-year-old daughter. When taken in the context of the undeniably lewd and lascivious act committed against A.M. moments before, the jury could have easily and reasonably concluded that defendant's conduct was sexual in nature. In the common sense of most people, including the people on this jury panel, the act of unbuttoning and unzipping the pants of an unconscious woman represents conduct that is lustful and offensive to the community's sense of decency and morality. Accordingly, we see no plain error in defendant's conviction on this count.

*Affirmed.*