*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-142

MARCH TERM, 2013

| | |
|---|---|
| In re T.S. | } APPEALED FROM:<br>}<br>} Superior Court, Franklin Unit,<br>} Family Division<br>}<br>} DOCKET NO. 93-7-11 Frjv |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Juvenile T.S. appeals from the trial court's order finding him delinquent for having committed lewd and lascivious conduct. We affirm.

The State filed a delinquency petition in July 2011. The State alleged that T.S., who was then fifteen, forced a twelve year old girl, S.S., to touch his penis. Following a merits hearing, the court concluded beyond a reasonable doubt that T.S. had committed lewd and lascivious behavior. It found as follows. In January 2011, T.S. and another fifteen-year-old boy, J.D., were taking a walk and saw S.S. and her eleven-year-old friend B.V. on the porch of B.V.'s home. They recognized one another from school. They started talking, and the girls accepted the boys' invitation to go with them to an abandoned building. In the abandoned building, J.D. stood next to B.V. while T.S. stood next to S.S. J.D. forced himself on B.V., trying to kiss her and forcing B.V. to touch his penis. B.V. tried to move away, but J.D. had her backed up against a wall. While this was going on, T.S. held S.S. around her waist. He took S.S.'s hand and put it on his penis so that skin-to-skin contact occurred. S.S. pulled her hand away from T.S.'s penis. At some point, T.S. tried to kiss S.S. S.S. pulled away; she tried to walk away, but T.S. grabbed her to stop her from leaving. S.S. did not consent to kissing T.S. or touching his penis.

During these incidents, B.V.'s mother was searching for the girls. She eventually saw footprints leading to the abandoned building. She called out to her daughter. The boys heard the calls and left the building. When B.V.'s mother asked the boys where the girls were, neither boy answered. Eventually, T.S. indicated that the girls were in the building. The boys laughed as they walked away. B.V.'s mother found the girls crying uncontrollably. The girls cried for about an hour, and they refused to say what had happened in the building. A few days later, J.D. emailed B.V., directing her not to tell anyone what had happened. In July 2011, S.S. told B.V.'s mother about the lewd conduct, which led to a police investigation. Based on these findings, the court found beyond a reasonable doubt that both boys had committed lewd and lascivious conduct. At the disposition hearing, the trial court, over objection, imposed as a condition of juvenile probation that T.S. have no contact with J.D. This appeal followed.

T.S. first argues that the State's evidence was insufficient to establish beyond a reasonable doubt that he committed lewd and lascivious conduct, and thus, he should not have been adjudged delinquent. Specifically, he contends that the court committed clear error in finding that S.S. did not consent to the touching.

We find this argument without merit. The State needed to show that T.S. committed an act of "open and gross lewdness and lascivious behavior." 13 V.S.A. § 2601; see also 33 V.S.A. § 5102(9) (defining a "delinquent act" as "an act designated a crime under the laws of this state"). "The statute does not define what constitutes open and gross lewdness and lascivious behavior, and we have declined to give it a precise definition ourselves out of deference to the common sense of the community." State v. Penn, 2003 VT 110, ¶ 12, 176 Vt. 565 (mem.). We have, however, noted with approval a definition of lewd and lascivious behavior as "behavior that is sexual in nature, lustful, or indecent, that which offends the common social sense of the community, as well as its sense of decency and morality." Id.

T.S. argues that S.S.'s lack of consent is an essential and unproven element of the State's case. In the context of this interaction between a fifteen year old and a twelve year old, it is not entirely clear what it would mean to find that she consented. But even assuming for the purposes of this analysis that the State must prove that S.S. did not consent to touching T.S.'s penis, the record supports the court's finding that S.S. did not consent.. S.S. testified that while in the abandoned building, T.S. grabbed her hand and put it down his pants. After a few seconds, she pulled her hand away. S.S. stated that the incident made her feel scared, and the State presented evidence that she cried for an hour afterwards. T.S. argues that S.S. was crying for fear of getting in trouble, but the court could reasonably infer that she was upset based on T.S.'s actions, further supporting the inference that T.S. acted without her consent. State v. Kerr, 143 Vt. 597, 603 (1983) (stating that "proof of facts includes reasonable inferences properly drawn therefrom"). Contrary to T.S.'s assertion, S.S. did not need to "indicate[] or communicate[] discomfort during her encounter with T.S." to demonstrate a lack of consent where T.S. physically forced her hand down his pants. See 13 V.S.A. § 3254(1) ("Lack of consent may be shown without proof of resistance."). While T.S. presents his interpretation of the evidence, it is the exclusive role of the factfinder to evaluate the credibility of the witnesses and weigh the persuasiveness of the evidence. See, e.g., Bruntaeger v. Zeller, 147 Vt. 247, 257 (1986) ("It is the province of the trial court to determine the credibility of witnesses and weigh the persuasive effect of the evidence."). T.S. fails to show that the court committed clear error in reaching its decision.

T.S. next asserts that the court erred by finding that he tried to kiss S.S., arguing that the attempted kiss was not charged in the State's delinquency petition. We find no error. The court plainly identified the charged conduct at the outset of its decision and specifically found that T.S. made S.S. touch his penis, as charged. We note that the court's finding as to the kissing is supported by the evidence. S.S. testified that T.S. tried to kiss her, and T.S. admitted kissing S.S.

T.S. next asserts that 13 V.S.A. § 2601 is unconstitutionally vague as applied to these facts because it did not provide fair warning to him that his conduct was proscribed. According to T.S., this case involved normal courtship behavior. He maintains that the imprecision of the words "lewd" and "lascivious" invites arbitrary and discriminatory enforcement. T.S. did not raise this argument below, and thus, he asserts that the court committed plain error by failing to sua sponte reach this conclusion.

We find no plain error here. See State v. Pelican, 160 Vt. 536, 538 (1993) ("Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." (quotation omitted)). "The void-for-vagueness doctrine stresses two aspects: (1) fair warning to potential offenders that their conduct is proscribed; and (2) sufficiently precise standards to avoid arbitrary and discriminatory enforcement." State v. Purvis, 146 Vt. 441, 442 (1985). These standards are satisfied here. T.S.

2

was not prosecuted for engaging in "courtship behavior," as he asserts. Rather, the court found that he grabbed the hand of a twelve-year-old girl and forced her, without her consent, to touch his penis. As in <u>Purvis</u>, "we have no trouble concluding that the statute is sufficiently certain to inform a person of reasonable intelligence that this type of conduct" offends the common sense of the community and "is proscribed." <u>Id</u>. at 443.

Finally, T.S. challenges the court's imposition of a condition of his juvenile probation. Specifically, he argues that the court erred in prohibiting him from having contact with J.D. because it was not related to T.S.'s rehabilitation or to public safety. We disagree. The record shows that the State proposed this condition because the two boys had acted in concert together and they continued to deny responsibility for their actions. The State maintained that it would be beneficial if they did not continue to support one another in this denial as they went through programming for treatment and rehabilitation. The court found this to be a sound reason for imposing the condition, noting that the boys seemed to be empowering one another in their denial of what had occurred as well as getting together and telling the same lie to each other. The court acted well within its discretion in concluding that this condition would help facilitate T.S.'s treatment and rehabilitation. See 33 V.S.A. § 5262(a) ("The conditions of probation shall be such as the court in its discretion deems necessary to ensure to the greatest extent reasonably possible that the juvenile will be provided a program of treatment, training, and rehabilitation consistent with the protection of the public interest.").

<u>Affirmed</u>.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

3