*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-430

SEPTEMBER TERM, 2013

| | |
|---|---|
| In re C.B., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 35-2-12 Cnjv |

Trial Judge: Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

C.B. appeals from an adjudication of delinquency based upon a finding by the trial court that he committed the offense of attempted sexual assault in violation of 13 V.S.A. § 3252(a)(1). C.B. contends the evidence was insufficient to establish the requisite intent and overt act. We reverse.

The facts may be summarized as follows. C.B. was a thirteen-year-old student at the Milton Middle School when, on the afternoon February 12, 2012, he attended a weekly counseling session with M.M., a school services clinician. M.M. testified that, as the end of the session approached, C.B. appeared hesitant to leave, so she asked him if there was anything he wanted to discuss further. He then asked something about whether she would "want to keep [her] job so no one got hurt." She responded that she liked her job, wanted to keep it, and didn't want to see anyone hurt. He then asked whether she would "like a relationship or basically asked for a relationship" with him. M.M. responded that it would be unethical and would not be beneficial to the "working relationship" they had. He responded that he did not mean "that kind of relationship." She asked what kind of relationship he meant, "[d]o you mean physical?" and he said yes. She then explained again that such a relationship would not be permissible.

C.B. responded that, because M.M. had said "no," he would tell people that they "[d]id have the relationship" so that she would lose her job. M.M. said that the session was over and that she had another obligation. C.B. wanted her to stay, proposing that she "say it was an emergency." M.M. rejected the suggestion, proposed that they schedule another session, and stood up to escort C.B. back to class. As she reached for the doorknob, however, C.B. came up from behind her, placed his right hand over her mouth, and attempted to push her to the floor. She tried to remove his hand and yell for help; he told her not to do that. C.B continued to push her to the floor and said, "take off your clothes." M.M. was finally able to remove C.B.'s hand from her mouth and yelled for help. C.B. then released her, said he was "just kidding," opened the door, and left.

M.M. immediately reported the incident to school authorities, who contacted the police. The investigating officer testified that he later spoke with C.B. and C.B.'s grandmother at the police station. He recalled that C.B. initially denied that anything had occurred, but ultimately admitted that he had "lost control" when M.M. "said no," became angry, grabbed her mouth, and

"put her to the ground." C.B. denied, however, that he told M.M. to remove her clothes or that he intended to have sex with her.

The defense called no witnesses. In closing, the State argued that C.B.'s request for a physical relationship with M.M. followed by his forcing her to the ground, covering her mouth so that she could not call for help, and demanding that she take off her clothes were sufficient to establish the elements of attempted sexual assault. The court issued a written decision in August 2012. The court concluded that the evidence was sufficient to prove the elements of attempted sexual assault beyond a reasonable doubt. Like the State, the court relied on C.B's stated interest in a "physical" relationship with M.M., followed by his restraining and forcing the victim to the floor and his command that she remove her clothes.[1] The court found C.B.'s statement that he was "just kidding" to not be credible. C.B. was thus adjudicated delinquent.[2] This appeal followed.

C.B. contends that the evidence was insufficient to show the requisite intent and overt act necessary for an adjudication of attempted sexual assault. See State v. Devoid, 2010 VT 86, ¶ 10, 188 Vt. 445 (reaffirming rule that two elements are generally required for an attempt: (1) intent to commit a certain crime; and (2) an overt act designed to carry out that intent). More particularly, he contends that the evidence was insufficient to show either the intent or an overt act designed to commit the offense of attempted sexual assault, i.e., a nonconsensual "sexual act" defined specifically as "consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any intrusion, however slight, by any part of a person's body or any object into the genital or anal opening of another." 13 V.S.A. § 3251(1). He claims, rather, that the evidence suggests, at most, "that he intended to get some lewd or lustful gratification from the encounter—gratification that, while illegal, falls far short of the serious crime of sexual assault."

In assessing this claim, we view the evidence in the light most favorable to the prosecution, excluding any modifying evidence, to determine whether it fairly and reasonably supports a finding of guilt beyond a reasonable doubt. State v. Godfrey, 2010 VT 29, ¶ 13, 187 Vt. 495. We find the evidence to be insufficient under this standard. There was no evidence that C.B. reached for the victim's crotch, moved to unbutton his own pants, or touched the victim's breasts. The State's case that he restrained the victim for the purpose of committing a sexual assault, as specifically defined by statute, rests primarily on the facts that prior to restraining her

---

[1] C.B. suggests that the State was legally barred from relying on his statements indicating that he wanted a physical relationship with the victim because this evidence was not specified in the "to wit" portion of the charging information. The State is limited to proving the conduct charged so that the defendant may adequately contest the claims. State v. Kolibas, 2012 VT 37, ¶ 14, 191 Vt. 474. The statement in question was not an element or conduct that formed part of the attempted sexual assault charge, but rather evidence on which the State relied to prove intent. Accordingly, we find no merit to the claim.

[2] The court also concluded that the evidence proved the additional charges of lewd and lascivious conduct and disorderly conduct, but these were dismissed prior to disposition. The court further concluded that the State had not established the separate charge of attempted unlawful restraint, finding that the restraint was used to accomplish the other offenses, and did not create an independent danger to the victim. See State v. Goodhue, 2003 VT 85, ¶ 20, 175 Vt. 457.

he indicated that he wanted a "physical relationship" with her, and the fact that he told her to remove her clothes. This evidence may well have been sufficient to establish an attempt generally to commit a sexually motivated offense like lewd and lascivious conduct, but it falls short of establishing an intent to commit the more specific misconduct outlined in the sexual assault statute. Compare State v. Penn, 2003 VT 110, ¶ 12, 176 Vt. 565 (mem.) (observing that offense of lewd and lascivious conduct lacks "precise definition" and approving instruction defining it generally as "behavior that is sexual in nature, lustful, or indecent, that which offends the common social sense of the community") with State v. Messier, 146 Vt. 145, 150-51 (1985) (sexual assault requires proof of "contact within a defined area of the pubic region"); see also State v. Wiley, 2007 VT 13, ¶ 11, 181 Vt. 300 (noting that sexual assault contains specific element of "engaging in a 'sexual act,' i.e., contact between certain body parts" that is not required of lewd and lascivious conduct). We cannot agree that an adolescent's request for a physical relationship is sufficient to establish, beyond a reasonable doubt, an intent to engage in the very specific and serious crime of sexual assault. Absent evidence of such an intent, the adjudication can not be sustained. Our conclusion renders it unnecessary to consider C.B.'s additional claim that the evidence was insufficient to demonstrate the requisite "overt act."

Reversed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice